# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 10-50048
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR RIGOBERTO PORTILLO-MESQUITA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-368-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oscar Rigoberto Portillo-Mesquita (Portillo) appeals the within-guidelines sentence imposed upon his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. He argues that his 71-month sentence is unreasonable because it is greater than necessary to reflect the seriousness of his illegal reentry offense and to provide adequate deterrence and protection of the public. *See* 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At sentencing, the district court noted Portillo's prior offenses involving acts or threats of violence and the notation in the presentence report that unscored prior convictions might warrant an upward departure or variance from the applicable guidelines range. The district court also noted that Portillo had been removed from the United States on three occasions and that he had used at least three aliases and a fraudulent social security number. Although the district court declined to depart or vary upward from the guideline range, it stated that under no circumstances would it impose a sentence less than 71 months.

The district court gave sufficient reasons for sentencing Portillo at the top of the applicable guidelines range of 57 to 71 months. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Those same reasons were more than sufficient to explain why the district court did not vary downward. *See id.* Portillo has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence. *See id.* at 347. Therefore, he has not shown that the district court abused its discretion in imposing a sentence at the top of the guidelines range. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007).[1]

AFFIRMED.

---

[1] Because we conclude that Portillo's arguments fail under the abuse of discretion review standard, we need not address his challenges to the application of a plain error review standard.